UNITED STATES BANKRUPTCY COURT　　　　　　　**FOR PUBLICATION**
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

    Haytham M. Shtayyeh
    fdba Delaware Convenient Mart　　　　　　　Case No. 09-10485 K

                        Debtor
------------------------------------------------------------------
State of New York
                        Plaintiff


         -vs-　　　　　　　　　　　　　　　　AP No. 09-1031 K


Haytham M. Shtayyeh f/d/b/a
Delaware Convenient Mart
                       Defendant
------------------------------------------------------------------


Stephen M. Nagle, Esq.
Michael J. Russo, Esq. (Argued)
Assistant Attorney General
Office of the Attorney General
Civil Recoveries Bureau
The Capitol
Albany, New York   12224-0341

Attorney for Plaintiff


Melissa A. Tocha, Esq.
10 John James Audubon Parkway, Suite 108
Amherst,  New York  14228

Attorney for Debtor/Defendant

ORDER AND OPINION

Prior to an amendment to Rule 4, F.R.Civ.P., in 1993, the Courts could not permit late service of a Summons in the absence of a showing of a good faith effort to serve within the maximum 120 days.[1]  Prior to 1993, the Court could extend the time for service for "an appropriate period," "if the plaintiff shows good cause for the failure" to serve within 120 days after the complaint is filed.  Prior to 1993 the Rule had stated that "if a defendant is not served within 120 days after the complaint is filed, the Court - - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant.  Consequently, absent a showing of good cause (such as an inability to locate the defendant after a diligent effort), the Plaintiff had to file a new Complaint and start all over, presuming that the Statute of Limitations had not run.

However, the Amendment added the following language to the above quoted sentence - "or order that service be made within a specified time."  Hence, the sentence was amended to read "if a defendant is not served within 120 days after the complaint is filed, the Court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The Advisory Committee Note to the 1993 Amendment to Rule 4(m) read as follow:

"The new subdivision explicitly provides that the Court shall allow additional

---

[1] Although an adversary proceeding summons in bankruptcy must be delivered or mailed within fourteen days, another summons can be issued.  Rule 7004(e), F.R.B.P.  But under Rule 7004(a)(1), Rule 4(m) of the Federal Rules of Civil Procedure applies to adversary proceedings in bankruptcy, and that rule prescribes a maximum for service of 120 days after the complaint is filed, except as discussed herein.

time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the Court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable Statute of Limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."

The question presently before this Court is whether the State of New York should be permitted to escape the short and rigid limitations period of 11 U.S.C. § 523(c) and Rule 4007(c), F.R.B.P., to pursue a 11 U.S.C. § 523(a)(2), (4), and (6) Complaint against the Debtor.

The Debtor filed under Chapter 7 on February 10, 2009. The § 523(c) deadline, as set by Rule 4007(c), was May 11, 2009. One hundred twenty days from the filing of the Complaint and the issuance of the Summons was approximately August 27, 2009. The State offers no explanation for why service was not effected during that time.

Pursuant to the Court's usual procedures where it has received no evidence that a Plaintiff has served a Summons that was issued, the Court issued its own Order to Show Cause why the Adversary Proceeding should not be dismissed for failure to prosecute. That was issued on November 3, 2009. In response thereto, the State caused a Summons to be reissued by the Clerk which Summons was then subsequently served on the Debtor and the Debtor's attorney. The Debtor has moved to dismiss the action as time-barred, and the State has cross-moved to permit a *nunc pro tunc* extension of time to, in essence, ratify its service of the late, reissued Summons.

The State does not contest the power and authority of the Court to dismiss the Adversary Proceeding.  It, however, disagrees with the Debtor's view that the Adversary Proceeding "must" be dismissed or be deemed to have been "automatically" dismissed.  The State argues, based on the 1993 Amendment to Rule 4(m) that despite its failure to make a showing of good faith in its efforts to serve the Summons and Complaint in a timely manner, "a dismissal now would be unduly prejudicial to the Plaintiff as the time to file an Adversary Proceeding to challenge the dischargeability of the debts owed by the Defendant expired May 11, 2009. . . . the level of prejudice, in the event of a dismissal, could not be greater.  Without a determination on the merits of this Adversary Proceeding, a dismissal on narrow procedural grounds would frustrate the objective of Bankruptcy Law to provide (only) the *honest* debtor with a fresh start." [Emphasis in the original.]

The allegations of the Complaint are indeed serious.  It alleges that the Debtor was in business, was permitted to sell State lottery tickets at the business, and wrongfully converted nearly $40,000 in proceeds.[2]

Squarely presented, therefore, is the question of the weight to be given the Advisory Committee Note to the 1993 Amendment, which stated that "Relief may be justified, for example, if the applicable Statute of Limitations would bar the re-filed action . . ."  Guidance in this regard is found in the "Practice Commentary" by David D. Siegel following Rule 4 in United States Code Annotated (Thompson/West 2008 Edition).  Professor Siegel examines that

---

[2]It is stipulated that the State, pursuant to an earlier settlement of a judgment lien, has a $12,245 judgment lien on the Debtor's residence.  This was not a reduction in the amount of the judgment, but only a reduction in the size of the judgment lien against the Debtor's real property.

statement in the Advisory Committee Note and says, "It would appear [therefrom] that every failure to serve within the 120 days 'shall' be excused by the Court as long as it is shown that the Statute of Limitations is now dead. Plaintiffs can live with that, and happily ever after, but is that really what the Rule intends? . . . What a place for an ambiguity! Here stands the Plaintiff at the edge of the grave, and the Rule doesn't tell the Court whether to offer the Plaintiff salvation, or a push."

One commentator has argued that reference should be had to Rule 6(b)(1)(B), F.R.Civ.P. That Rule requires a showing of excusable neglect after a prescribed time has expired. See Capone, Gregory M., "You Got Served: Why an Excusable Neglect Standard Should Govern Extensions of Time After Untimely Service Under Rule 4(M)," 83 St. Johns Law Review, Volume 2, page 665 (Spring 2009).

In this case, the Court need not decide whether the appropriate standard under Rule 4 is simply one of the Court's discretion, or one of excusable neglect, for the Court decides that under either standard, leave should not be granted to the State.[3]

Bearing in mind that the 1993 Amendment was intended, in fact, to temper "harsh" effects of Statutes of Limitations, (See, *Matlock v. Hawkes*, 874 F.Supp. 219, 221 (N.D.Il. 1995)), the analysis begins with the fact that a Bankruptcy Court is prohibited, by Rule, from extending the time to file a § 523(c) Complaint if the request for the extension of time to file the Complaint is made after 60 days after the first date set for the meeting of creditors. This

---

[3] For an excellent exposition of these issues, also in a dischargeability context, see *Sullivan v. Hall (In re Hall)*, 222 B.R. 275 (Bankr. E.D.Va. 1998). That case was decided based upon binding Fourth Circuit Court of Appeals precedent, unavailable in the Second Circuit, but also issued dictum that is not inconsistent with the present Court's holding.

is because Bankruptcy Rule 4007(c), in stating "On motion of a party in interest, after hearing on notice, the Court may for cause extend the time fixed" for filing such a Complaint, goes on to say, however, "The motion shall be filed before the time has expired." Consequently, Rule 9006(b)(3) commands that the Court "may enlarge the time for taking action under [Rule 4007(c)] only to the extent and under the conditions stated in [that Rule]."

Moving, now from the question of the time for filing of a Complaint under § 523(c), to the question of service of Summons that was issued upon a timely filed Complaint, we find that the Rule 4007(c) Statute of Limitations is not an "ordinary" Statute of Limitations. It is peculiarly "harsh." Unlike perhaps numerous other federal Statutes of Limitations that may be extended under general rules regarding extensions of time, the Rule 4007(c) Statute of Limitations, read in *pare materia* with the general rule regarding extensions of time (Rule 9006(b)(3)), is subject to an absolute prohibition against extension of the Statute of Limitations unless the request for extension is made before the period expires. Thus, it is stated at 4 Collier on Bankruptcy 15th Ed., ¶ 523.29 [1] that "A Court has no discretion to enlarge the time for filing Complaints under § 4007(c), not even upon a showing of excusable neglect," unless the request was made during the 60 days following the first date set for the first meeting of creditors.

For the Court to grant the State's motion here would be for the Court to permit the State to circumvent that prohibition. The State would be permitted to achieve indirectly that which it could not directly accomplish. Clearly if the State now moved for leave to file a late Complaint so that it may make timely service of that Complaint, that could not be granted even upon a showing of excusable neglect. That is a command of a specific provision of the Rules

governing the subject matter at hand.  To utilize a more general rule provision (Rule 4(m)) to override the specific one (Rule 4007, F.R.B.P.) is, of course, prohibited.  Consequently, the Court may not circumvent the strict limitation on "filing" of the Complaint under the guise of granting late service of a timely filed Complaint upon a Motion filed long after not only the Statute of Limitations for the filing of the Complaint, but also the time granted under the Rule for service of the Complaint.

        The State's Motion is denied, and the Debtor's Motion to Dismiss the Complaint with prejudice under Rule 4(m) is granted.

        SO ORDERED.

Dated:        Buffalo, New York
                March 5, 2010

                                                  s/Michael J. Kaplan
                                                    _____
                                                        U.S.B.J.